UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERIFY SMART CORP.,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DISCOVER FINANCIAL SERVICES,<br><br>　　　　　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Verify Smart Corp. ("Verify") demands a jury trial and complains against Defendant Discover Financial Services ("Discover"), and states as follows:

## THE PARTIES

1. Verify is a corporation organized and existing under the laws of the State of Nevada, conducting business in this judicial district.

2. On information and belief, Discover is a company organized and existing under the laws of the State of Delaware, and is conducting business in this judicial district.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States of America, Title 35 of the United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

4. Verify is informed and believes, and based thereon alleges, that Discover is doing business and committing acts of infringement of the patent identified below in this judicial district, and is subject to personal jurisdiction in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## **THE PATENT**

6.      On October 9, 2012, U.S. Patent No. 8,285,648 ("the '648 patent") was duly and legally issued to Dan Scammell ("Scammell") for an invention entitled "System and Method for Verifying A User's Identity In Electronic Transactions".  On May 23, 2011, Scammell assigned all right, title and interest in and to the '648 patent to Colleen Scammell ("C. Scammell").  On July 8, 2015, C. Scammell assigned all right, title and interest in and to the '648 patent to Assured Mobile Technologies LLC ("Assured").  Thereafter, on July 8, 2015, Assured assigned all right, title and interest in and to the '648 patent to Verify.  A copy of the '648 patent is attached to this Complaint as Exhibit 1.

7.      The '648 patent is directed to novel systems and methods of verifying the identity of consumers initiating electronic transactions to provide enhanced security for such transactions. Verify is informed and believes, and based thereon alleges, that Discover makes, uses, tests, markets and sells or otherwise provides a two-factor verification system and method enabling users of its services and products to authenticate their identity when initiating an electronic transaction, using a one-time pass-code sent to the user's mobile phone (hereinafter "Enhanced Account Security/Identification Code feature").

8.      Claim 2 of the '648 Patent claims a system for verifying the identity of a user seeking to initiate an electronic transaction by sending an identity verification request from a verifier to a user communications device, having the user enter a response to the request into the user communications device and transmit the response to the verifier, comparing the response to the request, and if they match allowing the electronic transaction to proceed.

9.      Claim 3 of the '648 Patent is directed to the same system as Claim 2 with the added

feature that the user communications device is a personal communications device such as a mobile phone.

10. Claim 5 of the '648 Patent claims a method for verifying the identity of a user seeking to initiate an electronic transaction by sending an identity verification request to a user communications device having a user access number stored in a database accessible to the verifier, having the user enter into the user communications device a response to the request and transmit the response to the verifier, comparing the response to the request, and if they match allowing the electronic transaction to proceed.

11. Claim 6 of the '648 Patent is directed to the same method as Claim 5 with the added requirement that the comparison is performed by the verifier.

12. Claim 7 of the '648 Patent is directed to the same method as Claim 5 with the added requirement that software be downloaded to the user communications device.

13. Claim 9 of the '648 Patent is directed to the same method as Claim 7 with the added requirement that the downloaded software is used to transmit the response to the identity verification request.

14. Claim 10 of the '648 Patent is directed to the same method as Claim 7 with the added requirement that the downloaded software is used to receive the identity verification request, format the request for display on the user communications device, and display the request on the user communications device.

15. Claim 19 of the '648 Patent is directed to the same method as Claim 5 with the added requirement of that a device identifier for the user communications device is stored in a database accessible to the verifier, the device identifier is retrieved from the database, a communications link is opened with the user communications device, and the device identifier

retrieved from the database is compared with the device identifier obtained from the user communications device when the communications link is opened wherein if the device identifiers match the electronic transaction is allowed to proceed.

16. Verify's predecessors-in-interest sought to commercialize the invention claimed by the '648 Patent and obtained favorable feedback about the invention from various potential clients. In spite of the favorable reviews, Verify was unable to obtain sufficient investment capital to commercialize the invention.

17. Verify's investigation led it to conclude that numerous market participants are now offering or using verifications systems and methods that perform the functions claimed by the '648 Patent. The presence of these more established market participants offering or using infringing products and services prevented Verify from successfully entering the market.

### **DISCOVER'S INFRINGING SYSTEM AND METHOD**

18. Without authority from Verify, Discover makes, uses (including by having its employees test), markets and sells or otherwise provides a system and method for verifying the identity of a user by a verifier during the course of an electronic transaction, i.e., Enhanced Account Security/Identification Code feature.

19. "When you log in to Discover online or the Discover app from a new device (or change your profile information) you will be sent an identification code as a text message, phone call, or email to verify your identity." *See* https://www.turnon2fa.com/tutorials/how-to-turn-on-2fa-for-discover/.

20. "Once you receive the code, you will need to enter it on the Web page or in the app. The identification code is temporary and will expire if you don't use it within a certain time

period. . . . As soon as you submit your code you will be able to access your account and continue with your account usage." *Id.*

21. Discover provides instructions to its customers to enable and use its Enhanced Account Security/Identification Code feature. *See* https://www.discover.com/online-banking/help-center/general-faq.html?. These instructions teach and suggest to use the Enhanced Account Security/Identification Code feature in a way that infringes at least Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 patent.

## COUNT I
## DIRECT INFRINGEMENT

22. Verify repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 21 above.

23. As a result of making, using (including having its employees internally test and use its Enhanced Account Security/Identification Code feature on a mobile device, as alleged below), marketing, and providing this security feature, Discover has directly infringed Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent literally and/or under the doctrine of equivalents. As set forth *supra*, Discover's Enhanced Account Security/Identification Code feature is specifically designed to perform each and every step set forth in Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent and each use of Discover's Enhanced Account Security/Identification Code feature will result in infringement of at least one claim of the '648 Patent.

24. Upon information and belief, Discover directly infringed Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent when it internally tested its Enhanced Account Security/Identification Code feature, which is programmed to operate on a user communications device, e.g., a mobile device. Upon information and belief, Discover employees and/or individuals under Discover's control used its Enhanced Account Security/Identification Code feature on a Discover employee's

mobile device, to test the operation of this security feature, in the manner set forth in the '648 Patent and described in detail in paragraphs 7 through 21 above. Verify therefore alleges that Discover directly infringed the '648 Patent by using its Enhanced Account Security/Identification Code feature to perform the systems and methods claimed by the '648 Patent.

25. Upon information and belief, Discover also directly infringed Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent when its employees use Discover's Enhanced Account Security/Identification Code feature, which is programmed to operate on a user communication device, e.g., a mobile device. Upon information and belief, Discover employees and/or individuals under Discover's control used Discover's Enhanced Account Security/Identification Code feature on a Discover employee's mobile device to use the functionality of this security feature, in the manner set forth in the '648 Patent and described in detail in paragraphs 7 through 21 above. Verify therefore alleges that Discover directly infringed the '648 Patent by using its Enhanced Account Security/Identification Code feature to perform the systems and methods claimed by the '648 Patent.

26. Since at least the date that this Complaint was filed, Discover has willfully infringed Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent by directly infringing the patent with knowledge of the patent and in spite of an objectively high likelihood that its actions constituted infringement of the '648 Patent.

27. Verify has suffered damages as a result of Discover's direct infringement of the '648 Patent.

## COUNT II
## INDIRECT INFRINGEMENT

28. Verify repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 27 above.

29. Discover's Enhanced Account Security/Identification Code feature is particularly adapted for use in a manner that infringes Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent. Specifically, as alleged *supra*, Discover's Enhanced Account Security/Identification Code feature is designed to provide extra security measures to verify the identity of its customers engaged in an electronic transaction.

30. Discover has been aware of the '648 Patent since at least the filing date of this Complaint, and upon information and belief was aware, or should have been aware, since at least such date that the use of its Enhanced Account Security/Identification Code feature constitutes direct infringement of the '648 Patent.

31. In spite of its knowledge of the '648 Patent, Discover has continued to offer its Enhanced Account Security/Identification Code feature to its customers and has continued to instruct them on how to use this security feature in a manner that infringes Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent, intending that its customers use the feature.

32. Upon information and belief, at least one of Discover's customers has used Discover's Enhanced Account Security/Identification Code feature in a manner that infringes the '648 Patent since Discover became aware of the '648 Patent.

33. Discover indirectly infringes Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent by inducing others to use its Enhanced Account Security/Identification Code feature in a manner that directly infringes the asserted claims. Discover provides its Enhanced Account Security /Identification Code feature to the public and encourages and instructs them on how to use it, including by encouraging and instructing the use of each of the features claimed by the '648 Patent. Due to Discover's encouragement and instruction, Discover customers that use Discover's Enhanced Account Security/Identification Code feature directly infringe the '648 Patent by

performing each element set forth in the '648 Patent and described in detail in paragraphs 7 through 21 above. Discover has induced these infringing uses with full knowledge of the '648 Patent and with full knowledge that the use of its Enhanced Account Security/Identification Code feature as directed constitutes infringement of the '648 Patent.

34. Discover indirectly infringes Claims 2, 3, 5, 6, 7, 9, 10 and 19 of the '648 Patent by contributorily infringing the patent by providing its Enhanced Account Security/Identification Code feature. Discover customers that use the Enhanced Account Security/Identification Code feature directly infringe the '648 Patent by performing each element set forth in the '648 Patent and described in detail in paragraphs 7 through 21 above. Since at least the filing date of this Complaint, Discover has known that the use of its Enhanced Account Security/Identification Code feature on mobile devices infringes the '648 Patent, that the combination of this security feature as used on mobile devices was patented and infringed the '648 Patent, and that such combination of components has no substantial non-infringing use.

35. Verify has suffered damages as a result of Discover's indirect infringement of the '648 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Verify prays for judgment against Defendant Discover on all of the counts and for the following relief:

A. Declaration that Verify is the owner of the right to sue and to recover for infringement of the '648 Patent being asserted in this action;

B. Declaration that Discover has directly infringed, actively induced the infringement of, and/or contributorily infringed the '648 Patent;

C. Declaration that Discover and its customers are jointly or severally responsible for

    the damages from infringement of the '648 Patent through the use of the Enhanced Account Security/Identification Code feature;

D. Declaration that Discover is responsible jointly or severally with its customers for the damages caused by the infringement of the '648 Patent through the use of the Enhanced Account Security/Identification Code feature by Discover's customers;

E. An accounting for damages under 35 U.S.C. § 284 for infringement of the '648 Patent by Discover, and the award of damages so ascertained to Verify together with interest as provided by law;

F. Award of Verify's costs and expenses;

G. Award of Verify's attorney fees; and

H. Such other and further relief as this Court may deem proper, just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Verify demands a trial by jury of all issues properly triable by jury in this action.

            By: /s/Jean-Marc Zimmerman
            Jean-Marc Zimmerman (ID #37451989)
            Zimmerman & Paray
            233 Watchung Fork
            Westfield, New Jersey 07090
            Tel: (908) 768-6408
            Fax: (908) 935-0751
            jmz@zimllp.com

            Attorneys for Plaintiff Verify Smart Corp.

Dated: November 21, 2016